Nash, J.
 

 The defendant is indicted for .malicious mischief, in killing a' dog, belonging to the prosecutor. The facts are as follows : In the morning of the day on which the dog was shot, a hog of the defendant, being at the premises of the prosecutor, was worried and injured by the dog in question; On the afternoon of the same day, the prosecutor being in the woods in pursuit of squirrels, the defendant came where he was, with his gun, and his dog following; very soon afterwards, the prosecutor’s dog attacked the hog, and while he was in pursuit, the defendant shot, and killed him.
 

 The counsel of the defendant requested his Honor, the presiding Judge, to instruct the Jury, ‘'that, if the defend
 
 *34
 
 ant shot the dog from anger,
 
 temporarily excited
 
 by
 
 the
 
 injury to his property, and not from mere ill -will to the prosecutor, although ho might have disliked him, they should acquit him.” His Honor directed the Jury, “ that, if’ the defendant shot the dog in defence of his property, they shonld acquit him ; but, if his motive was malice to the prosecutor, they .should convict him.” The defendant was convicted. A rule for a new trial, for misdirection, being discharged, a motion in arrest of judgment was made by the defendant, and the judgment was arrested.
 

 The case presents two points — one in arrest of judgment, the other for error in the charge. If his Honor was correct in his decision on the first, it will supersede the necessity' of any inquiry into the other. We have looked carefully into the record, and do not perceive any error in it, of form, or substance. The charge against the defendant is set forth in proper and apt words, to describe it. We are not informed what was the precise ground upon which the Court below acted. We can find'nothing in the record suggesting a difficulty, except it be the subject matter of the charge, the malicious killing of a dog. By the old authorities, a dog was not a subject of larceny, because it w.as without value. But, notwithstanding, it' is a species of property, recognised as such by the law, and for an injury to which, an action at law will be sustained.
 
 Dodson
 
 v
 
 Mock,
 
 4 Dev. & B. 148. Many actions have been brought in this State, and in England, for injuries to such property. 2 Bl. Com. 393-4. If then, dogs be personal property, they are protected by the law, and the owner has such an interest in them, as that he can protect and defend the n ; ■and the destruction of them, from malice to the owner,
 
 is,
 
 in law, malicious mischief. Seeing no error in the record, arresting the judgment below was erroneous, and such judgment is reversed.
 

 -We are of opinion, that the defendant was entitled to
 
 *35
 
 the instruction prayed by his counsel, and that his Honor erred in refusing it. The charge, in the abstract, was right( but his Honor ought, at the request of the defendant, to have been more specific, and applied the evidence in the case to the law.
 
 State
 
 v
 
 Moses, 2
 
 Dev. 452. Where a charge is general, as to its doctrines, and correct, either party may call for special instructions, and it is error in the Judge to refuse so to charge.
 
 McRae’s Ex
 
 v
 
 Evans,
 
 1 Dev. & Bat. 243. So, if a part of the testimony is omitted in the charge, it is not error, unless the Judge’s attention was called to it.
 
 State
 
 v
 
 Scott, 2
 
 Dev. & B. 35. Here the Court was requested to instruct the Jury, “ that, if the defendant shot the dog from anger, temporarily excited by the injury to his property, and not from mere ill-will to the prosecutor, although he might have disliked him, they ought to acquit him.” His Honor declined so doing, but simply stated, upon this point, that, “if the defendant shot the dog in defence of his property, they should acquit him, but ff his motive was malice to the prosecutor, they should convict him.” The charge, so worded, was calculated to leave, upon the minds of the Jury, the impression, that the prisoner’s
 
 defence
 
 rested upon the single ground of his killing the dog in defence of his property, whereas, another, and the real point, so far as the crime alleged in the indictment was concerned, was, did the defendant kill the dog from passion exoited against the animal, by the injury to his property, or from malice against the owner ?
 

 Pee Curiam. Judgment reversed, and
 
 venire de
 
 novo,»